**Lillie P. LOCKLEAR, Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Defendant.**

**No. CV589–102.**

United States District Court, S.D. Georgia, Waycross Division.

Sept. 20, 1989.

C. Edwin Rozier, Delman L. Minchew, Waycross, Ga., for plaintiff.

Richard A. Brown, Jr., John E. Bumgartner, Brunswick, Ga., for defendant.

## ORDER

EDENFIELD, Chief Judge.

Before the Court is plaintiff's unopposed motion to remand this action to state court and plaintiff's motion for costs, which defendant opposes. The Court GRANTS both motions.

Plaintiff originally filed this action, involving an unpaid insurance claim, in the State Court of Ware County. On July 28, 1989, defendant filed a petition of removal on the basis of diversity jurisdiction. Plaintiff moved to remand on the grounds that the complaint did not state an amount in controversy of $50,000, a prerequisite for federal diversity jurisdiction. 28 U.S.C. § 1332. On September 7, 1989, plaintiff stipulated that she would not seek over $50,000 in damages, and defendant agreed not to oppose plaintiff's motion to remand.

## ANALYSIS

### 1. Removal

In her complaint, plaintiff demands the sum of $250.00 for a medical bill she claims is covered under a No–Fault automobile insurance policy issued by defendant. In addition, she demands a 25% penalty which she claims is due her under state law. Combined, her total compensatory damage demand equals $312.50. Plaintiff also demands attorneys' fees and punitive damages in an unspecified amount. Obviously, the complaint does not state on its face an amount in controversy sufficient to satisfy the diversity statute.

When a plaintiff challenges removal, the defendant bears the burden, albeit the light burden, of showing that the required amount is in controversy. To do so, defendant must show only that it does not appear to a legal certainty that the claim is for less than the jurisdictional amount. *St. Paul Indemnity Co. v. Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1937); 14A Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3702 at 19.

Generally, however, where the plaintiff has not pled a specific amount in its prayer for damages, the district court may not speculate as to what the damages may be in determining the amount in controversy. *Lindsey v. Alabama Telephone Co.*, 576 F.2d 593, 595 (5th Cir.1978); *Blank v. Preventive Health Programs, Inc.*, 504 F.Supp. 416 (S.D.Ga.1980).

Some courts have held that a case may be removed even if the complaint does not specifically state a sufficient amount in controversy, but where a reasonable reading of the complaint suggests the requisite amount exists. *See e.g., Lee v. Altamil Corp.*, 457 F.Supp. 979, 981 (M.D.Fla.1978); *Mielke v. Allstate Ins. Co.*, 472 F.Supp. 851 (E.D.Mich.1979). Here, plaintiff's compen-

satory damage demand totals $312.50. There are no claims of personal injury or business injury; the basis of plaintiff's punitive damages claim is the intentional infliction of emotional distress surrounding defendant's failure to reimburse plaintiff for a $250 medical bill. No reasonable reading of the complaint would suggest that there is $50,000 in controversy.

The cases cited by defendant in its effort to avoid an award of costs are clearly distinguishable from this case. In *Robinson v. Quality Ins. Co.*, 633 F.Supp. 572 (S.D. Ala.1986), plaintiff charged defendant insurance company with failing to pay almost $3000 in medical bills. The requisite amount in controversy was $10,000. The size of those numbers alone distinguishes *Robinson* from the instant case, where the unpaid bill is worth $250 and the jurisdictional amount is $50,000. *Martin v. Granite City Steel Corp.*, 596 F.Supp. 293, 297 (S.D.Ill.1984) involves allegations of exposure to toxins and carcinogens. Defendant's potential liability for punitive damages in that case is not comparable to the potential liability in the instant case. While a reasonable reading of the complaints in the *Robinson* and *Martin* might have suggested that the required amount was in controversy, such is not the case here. Plaintiff has not pled a specific amount of punitive damages. Only wild speculation could suggest that a suit for reimbursement of a $250 medical bill would yield anything near $50,000 in damages.

## 2. Costs

The removal statute provides that, "an order remanding a case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (1988). An award of costs does not require a showing of bad faith, but merely a showing that the action was removed "improvidently." *Schmidt v. National Organization for Women*, 562 F.Supp. 210, 215 (N.D.Fla.1983). The Court finds that defendant's basis for removal was "sufficiently weak" to warrant an assessment of costs and attorney fees. *Bucary v. Rothrock*, 883 F.2d 447 (6th Cir.1989).

## CONCLUSION

The Court REMANDS this case to the State Court of Ware County. Upon receipt of an accounting of plaintiff's fair costs arising out of the removal, the Court will order said costs reimbursed by defendants.