Paul WARTH, et al., Plaintiffs,

v.

STATE FARM FIRE & CASUALTY COMPANY, Defendant.

No. 92–432–CIV–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

June 4, 1992.

Alan S. Marshall, Todd & Marshall, Palm Harbor, Fla., for plaintiffs.

Gregory Len Evans, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, Fla., Anthony J. Griffith, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Clearwater, Fla., for defendant.

## ORDER TO REMAND

KOVACHEVICH, District Judge.

This cause is before the Court on Plaintiffs' motion to remand, filed May 5, 1992, and Defendant's reply/opposition thereto, filed May 14, 1992.

Complaint in this cause was filed in the Circuit Court of the Sixth Judicial Circuit in the and for Pinellas County, Florida (Case No. 92–1035–CI–7). This cause was removed to this Court by Defendants on March 31, 1992. Removal jurisdiction is asserted to be predicated on 28 U.S.C. § 1441(b).

## FACTS

In this action, Plaintiffs, eight (8) different homeowners, are alleging damage caused by structural cracking of walls, ceilings and floors, a covered peril under the policies of insurance with the Defendant, State Farm Fire and Casualty Company. Plaintiffs further allege Defendant has wrongfully refused to honor its obligation under the policy to pay for such expenses and losses. Plaintiffs sought declaratory relief in the state court as to whether these damages sustained were covered under the policies with Defendant. Plaintiffs have not alleged or sought to prove any dollar loss in this action; whereas, Defendant has asserted that the amount in controversy exceeds $50,000. Defendant has filed a notice to remove this case to the United States District Court for the Middle District of Florida, while, Plaintiff has filed a motion to remand the case to the State Court.

## DISCUSSION

Case law requires strict compliance with the statutory procedure for removal. *Perrin v. Walker,* 385 F.Supp. 945 (E.D.Ill.1974). A defendant may remove a state court proceeding to federal court if: (1) the matter in controversy exceeds $50,000, and (2) diversity of citizenship exists between the plaintiff and defendant. 28 U.S.C. § 1332(a), 1441(b).

Amount in controversy must first be considered. By invoking the jurisdiction of this Court, Defendant, State Farm Fire and Casualty Company, bears the burden of demonstrating that the exercise of jurisdiction is proper. *Atkins v. Harcros Chemicals, Inc.,* 761 F.Supp. 444, 445 (E.D.La.1991). Likewise, when jurisdiction is challenged, the party invoking jurisdic-

tion has the burden of demonstrating the requisite existence of the amount in controversy. *Hale v. Billups of Gonzales, Inc.*, 610 F.Supp. 162, 164 (M.D.La.1985).

■ A case should not be remanded unless it can be shown to a legal certainty that a claim is for less than the jurisdictional amount. *Saint Paul Mercury Indemnity Co. v. Red Cab Company*, 303 U.S. 283, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). Furthermore, the removing party is required to establish more than mere probability that the jurisdictional amount in controversy requirement is satisfied. *Atkins v. Harcros Chemicals, Inc.*, 761 F.Supp. at 446. State Farm must, therefore, meet this "legal certainty" test. Defendant claims that if successful, Plaintiffs, will recover money damages, possibly up to their policies' limits, which provide coverage for amounts greater than $50,000, and, therefore, the minimum jurisdictional amount is met. A flaw, though, exists in this argument. The fact that Plaintiffs could receive damages in excess of $50,000 is merely a prediction, not a legal certainty. It is established that all bases for nonmonetary relief, including declaratory judgments, are discretionary. *See, e.g., Sanchez–Espinaza v. Reagan*, 770 F.2d 202 (D.C.Cir.1985); *Hill v. Mutual Liberty Mutual Ins. Co.*, 453 F.Supp. 1342 (E.D.Va.1978). But, State Farm cannot create a legal certainty by speculating as to how the Court might exercise its discretion. *See, Locklear v. State Farm Mutual Auto. Ins. Co.*, 742 F.Supp. 679 (S.D.Ga.1989) (generally, where plaintiff has not pled specific amount in prayer for damages, district court may not speculate as to what damages may be in determining amount in controversy for purposes of diversity jurisdiction). Under this line of reasoning, Defendant, does not meet the "legal certainty" test.

■ State Farm next argues that the amount in controversy for purposes of establishing federal jurisdiction is the maximum amount for which the insurer could be held liable under an insurance policy. *Morgan v. Liberty Mutual Insurance Company*, 261 F.Supp. 709, 710 (S.C.1966). The court in *Allstate Ins. Co. v. Brown*, 736 F.Supp. 705, 707 (W.D.Va.1990), has held that "where the insured seeks to recover to the fullest extent of coverage, the court can determine the amount in controversy by reference to the face of the policy; *however*, where the insured does not seek to recover the maximum under the policy, the court cannot rely exclusively on the policy limit as the measure of the amount in controversy." Due to the fact that Plaintiffs in this case have not plead or represented to this Court the damages they seek, the face amount of the policy does not control on the issue of the threshold jurisdictional amount. In this instance, Defendant has also failed to meet its burden of demonstrating the requisite existence of the amount in controversy for federal jurisdiction.

State Farm in this action has relied on the "legal certainty" test set forth in *Saint Paul Mercury Indemnity Co.*, 58 S.Ct. at 590, to support its case. The *Saint Paul* case, however, did not address the situation in which the amount of damages sought by Plaintiffs is unclear, as is true in this case. The court in *National Organization For Women v. Mutual of Omaha Ins.*, 612 F.Supp. 100, 103 (D.C.D.C.1985), held that "the key to removal is an affirmative showing by he who seeks entry of all the requisite factors of diversity jurisdiction, including amount in controversy; and, where it is unclear what amount of damages are sought by plaintiff the 'legal certainty' test is inapplicable." The Defendant, in this action, did not make an affirmative showing at the time they sought removal to federal court as is specifically required by Congress. This Court cannot construe the words "possibly in excess of the policy limit, i.e., $50,000" as "exceeding the sum or value of $50,000 ..." in the words of 28 U.S.C. § 1332, which proscription is mandatory as a limitation on federal jurisdiction in diversity cases.

It has also been held that "where the plaintiff never placed a dollar amount on damages allegedly suffered on nonfederal claims, district court, in determining whether amount in controversy requirement for diversity jurisdiction was met, would not

utilize 'legal certainty' test applicable to cases in which defendant challenges size of amount in controversy pleaded in complaint." *ILC Corp. v. Latino Newspaper, Inc.*, 747 F.Supp. 85, 87 (D.D.C.1990). If this Court were to exercise diversity jurisdiction in this case it would reduce to a meaningless gesture Congress' recent amendment of the minimum jurisdictional amount from $10,000 to $50,000. *Id. See also Heininger v. Wecare Distributors, Inc.*, 706 F.Supp. 860 (S.D.Fla.1989) (failure to plead that matter in controversy exceeds jurisdictional limit ... divests district court of diversity jurisdiction); *Video Connection of America, Inc. v. Priority Concepts, Inc.*, 625 F.Supp. 1549 (S.D.N.Y. 1986) (lack of assertion in complaint of amount of damages precluded assertion of federal jurisdiction, even if actual damages were in excess of the jurisdictional amount, since party bringing suit is master to decide what law he will rely upon). In sum, supporting case law establishes that it is irrelevant whether or not Defendant meets the "legal certainty" test in this case, due to the fact that Plaintiffs have not plead any specific dollar amount. This Court holds that Defendant, State Farm, has failed to meet the first prerequisite, amount in controversy, to establish federal jurisdiction.

The second prong, focusing on diversity of citizenship, must next be examined. 28 U.S.C. § 1332(c) provides that "in any direct action against insurer of a policy or contract of liability insurance ... to which action the insured is not joined as a party-defendant, such insurer is deemed a citizen of the state of which the insured is a citizen ..." A plain reading of the statute results in a lack of diversity of citizenship between the insurer and the insured. However, case law states that insured's action against insurer is not a "direct action" against insurer that precludes exercise of federal diversity jurisdiction. *Basel v. Allstate Ins. Co.*, 757 F.Supp. 39 (N.D.Cal. 1991). *See also Bowers v. Continental Insurance Co.*, 753 F.2d 1574 (11th Cir. 1985), *cert. denied* 473 U.S. 906, 105 S.Ct. 3531, 87 L.Ed.2d 655 (1985). It appears as

though Defendant may have met the second factor required for federal jurisdiction.

Although case law in the area of diversity of citizenship supports Defendant, this Court is required to dismiss "those litigants whose claims do not satisfy the jurisdictional amount." *Zahn v. International Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). It is more efficient and prudent to remand the entire case to state court due to the fact that Plaintiffs have not alleged or plead any amount sought in damages, thereby, failing to meet the minimum jurisdictional amount, thus precluding the exercise of federal jurisdiction. Accordingly, it is

ORDERED AND ADJUDGED that the motion for remand be granted and the motion to sever and dismiss and for a more definite statement be remanded for state court action. The Clerk of the Court shall dismiss this action and return the cause to the appropriate state court for all further proceedings.

DONE AND ORDERED.