Ellen HAIRSTON, Carrie Hairston, Joseph Donnelly and Ann Marie Donnelly, individually and on behalf of all others similarly situated, Plaintiffs,

v.

HOME LOAN AND INVESTMENT BANK and Home Credit Corporation of R.I., Defendants.

Civ. A. No. 92–12850–T.

United States District Court, D. Massachusetts.

Feb. 18, 1993.

Edward K. O'Brien, Needham, MA, for plaintiffs.

Joseph S. Larisa, Jr., Edwards & Angell, Providence, RI and John A. Houlihan, Edwards & Angell, Boston, MA, for defendants.

## MEMORANDUM

TAURO, Chief Judge.

### I

#### Facts

The plaintiffs represent a class of Massachusetts homeowners who entered into loan agreements with the defendant Home Credit Corporation of R.I. ("Home Credit"), a Rhode Island corporation. These loans were assigned to the defendant, Home Loan and Investment Bank ("Home Bank"), a Rhode Island-chartered, federally-insured loan and investment association with a place of business in Rhode Island. The plaintiffs allege that the defendants schemed to deprive the plaintiffs of the protection of Massachusetts laws by luring them into Rhode Island for the consummation of exorbitant and unconscionable loan transactions.

Plaintiffs seek rescission of the loans on the grounds that defendants violated the Massachusetts Truth in Lending Act, M.G.L. c. 140D, §§ 1 et seq. They further seek restitution of amounts which they allege were improperly charged under the loans.

Plaintiffs commenced this action in the Superior Court of the Commonwealth of Massachusetts for Suffolk County on November 9, 1992. Defendants filed a notice of removal on November 30, 1992, alleging diversity jurisdiction under 28 U.S.C. § 1332(a).

Presently before the court is plaintiffs' motion to remand.

### II

#### Analysis

Under 28 U.S.C. § 1332, this court has original jurisdiction to hear a case "where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—(1) citizens of different states ..." § 1332(a)(1). Here, the parties agree that they are of diverse citizen-

ship, but dispute whether the plaintiffs' complaint seeks a value of relief in excess of $50,000.

In support of their motion to remand, plaintiffs assert that three of the four transactions entered into by the named plaintiffs involve loans of less than $50,000. Rescissions of each of these transactions, therefore, would not result in a recovery in excess of $50,000. Plaintiffs state that although named plaintiffs Mr. and Mrs. Donnelly borrowed $46,000, they will not recover more than $30,000. Plaintiffs further state that many of the class members would recover less than $30,000, as their loans are smaller than the Donnellys'. In fact, based on an analysis of 50 representative loans, plaintiffs contend that over 20% of the class members have loans of less than $20,000 and over 50% have loans of less than $40,000.

■ The claims of each member of the class must be greater than $50,000 in order to invoke diversity jurisdiction. *See Zahn v. Int'l Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973); *Gilbert v. Clark,* 13 F.R.D. 498 (D.Mass.1952).[1] From the perspective of plaintiffs' claims, therefore, there is no diversity jurisdiction.

■ Defendants argue, however, that rescission of the loans would have an impact on them in excess of $50,000 in terms of lost income. Defendants, therefore, ask the court to measure the amount in controversy from their perspective and to deny plaintiffs' motion to remand.

The issue as to whether a court may use the perspective of a defendant, as well as a plaintiff's, in determining jurisdictional amount is one that has sharply divided the

federal courts. *See Cowan v. Windeyer,* 795 F.Supp. 535, 537 (N.D.N.Y.1992); *Ace Hardware Co. v. Ace Hardware Corp.,* 33 Fed. R.Serv.2d (Callaghan) 1374 (N.D.N.Y.1981). Some courts have followed the "plaintiff viewpoint" rule, *Milwaukee v. Saxbe,* 546 F.2d 693, 702 (7th Cir.1976); *Kheel v. Port of New York Auth.,* 457 F.2d 46, 49 (2d Cir.), *cert. denied,* 409 U.S. 983, 93 S.Ct. 324, 34 L.Ed.2d 248 (1972); *Cowan,* 795 F.Supp. at 537; *Ferris v. General Dynamics Corp.,* 645 F.Supp. 1354, 1361 (D.R.I.1986)[2]; *Myers v. Long Island Lighting Co.,* 623 F.Supp. 1076, 1078 (E.D.N.Y.1985). Other courts have followed the "defendant viewpoint" rule, *Hedberg v. State Farm Mutual Automobile Ins. Co.,* 350 F.2d 924, 928–29 (8th Cir.1965); *Donohue v. Board of Elections,* 435 F.Supp. 957, 964 (E.D.N.Y.1976); *McCarty v. Amoco Pipeline Co.,* 595 F.2d 389, 395 (7th Cir. 1979).

The First Circuit has not had the opportunity to directly decide this issue. In *Williams v. Kleppe,* 539 F.2d 803, 804 (1st Cir.1976), an action for declaratory relief regarding the constitutionality of a national park service regulation, the First Circuit touched on the jurisdictional amount, although it was not made an issue by either party. In a footnote, the court stated that it was able to find that the claimed interests of the plaintiffs exceeded the jurisdictional amount. *Id.* at 805 n. 1. The court went on to note, in what is clearly dicta, that it could also rely on the claimed pecuniary burden on defendants to determine jurisdictional amount. *Id.* In *Williams,* the asserted jurisdiction involved a federal claim, not diversity.

In *Commonwealth of Massachusetts v. United States Veterans Admin.,* 541 F.2d 119

---

1. Defendants contend that under 28 U.S.C. § 1367, they need only establish jurisdictional amount with respect to the named plaintiffs, as opposed to with respect to each member of the class. This assertion is contrary to *Griffin v. Dana Point Condominium Ass'n,* 768 F.Supp. 1299, 1302 (N.D.Ill.1991), which held that section 1367 does not overrule the *Zahn* requirement that each member of the class in a diversity action assert a claim that meets the jurisdictional amount. *See also Averdick v. Republic Fin. Servs., Inc.,* 803 F.Supp. 37, 45–46 (E.D.Ky. 1992). *But see Garza v. National Am. Ins. Co.,* 807 F.Supp. 1256 (M.D.La.1992).

2. In *Ferris,* then District Judge Selya noted that in certain instances involving declaratory or injunctive relief, courts have discarded a strict "plaintiff's viewpoint" rule and looked to the value of the claim from the defendant's vantage. *Ferris,* 645 F.Supp. at 1362. He declined, however, to look at the class action before him from the defendant's perspective. He reasoned that to do so would circumvent the well-established rule that the claims of class members cannot be aggregated for the purpose of meeting jurisdictional amount. *Id.* at 1363.

(1st Cir.1976), the Commonwealth sued for pollution of interstate waters, asserting federal claim jurisdiction. The First Circuit relied on the *Williams* footnote to find that the $10,000 jurisdictional amount was satisfied because the pecuniary burden on the defendant VA Hospital was probably in excess of $10,000. *Id.* at 122 n. 3.

Here, defendants claim that the income they would have received over the life of the loans would exceed $50,000. They urge, therefore, that this court adopt the "defendant viewpoint" rule and determine that the jurisdictional amount for removal has been met. Under the circumstances, this court declines to do so. Unlike the situations in *Williams* and *United States Veterans Administration*, the potential damage to defendants here is speculative and unpredictable. For example, the subject loans could have been paid back or refinanced before their due date, thereby cutting off any interest payments to defendants.

Without precluding the possibility of adopting the "defendant's viewpoint" rule in an appropriate situation, this court determines that the jurisdictional amount in this case must be assessed from the plaintiff's viewpoint.

For the foregoing reasons, plaintiffs' motion to remand is hereby ALLOWED. The remand will be STAYED for seven (7) days to provide defendants with an opportunity to appeal or to seek such other relief which may be appropriate.