Susan **FOUNTAIN**, Individually and on Behalf of All Others Similarly Situated, Plaintiff,

v.

Clint **BLACK**, Allen Corbett, and C & C Entertainment, Defendants.

No. CV 493–242.

United States District Court, S.D. Georgia, Savannah Division.

Jan. 11, 1994.

Richard H. Middleton, Jr., Brent J. Savage, Savannah, GA, for plaintiff.

Walter C. Hartridge, II and Carlton E. Joyce, Savannah, GA, for Black.

Gustave R. Dubus, III, Savannah, GA, for Corbett and C & C.

## ORDER AND MEMORANDUM

NANGLE, District Judge.

### I. Background

Before the Court is plaintiff's motion to remand this action to the Superior Court of Chatham County. Plaintiff Susan Fountain

brought suit in Chatham County on multiple causes of action in contract and tort stemming from defendant Clint Black's cancellation of a musical performance at Hilton Head, South Carolina on July 16, 1993. Fountain had travelled to Hilton Head to attend the concert, and held a ticket that bore the phrase "rain or shine." Black canceled his performance due to a rainstorm that began after another performer had completed her portion of the concert. Black later held a make-up concert in Savannah, Georgia for all ticketholders. In her complaint, Fountain asked for certification of a class comprised of others who had attended the canceled concert. Fountain also sought for the putative class reimbursement for the concert tickets, mileage to and from Hilton Head, South Carolina, and any parking fees, along with attorneys fees and punitive damages in the amount of one million dollars.

Defendants Clint Black, Allen Corbett, and C & C Entertainment ("C & C") petitioned to remove the claim to federal district court pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), alleging complete diversity and an amount in controversy exceeding $50,000. Plaintiff now moves to remand the action under 28 U.S.C. § 1447(c), contending that the requisite jurisdictional amount has not been met.

For the reasons set forth below, defendant's removal of this action was improvident and without jurisdiction. Accordingly, plaintiff's motion to remand this case to the Superior Court of Chatham County is **GRANTED**.[1]

## II. Discussion

■ Removal jurisdiction is a statutorily-provided basis of federal jurisdiction, 28 U.S.C. § 1441, and courts should strictly construe its requirements and remand all cases in which such jurisdiction is doubtful. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941) (" 'Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.' " (quoting *Healy v. Ratta,* 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248 (1934))); *see also Hall v. Travelers Ins. Co.,* 691 F.Supp. 1406, 1408 (N.D.Ga.1988); *Cowart Iron Works, Inc. v. Phillips Constr. Co.,* 507 F.Supp. 740, 743 (S.D.Ga.1981). Section 1441(a) permits a defendant to remove a case to federal court if the plaintiff originally could have brought the case in federal court. A defendant seeking to remove a case on diversity grounds, therefore, must show the fulfillment of the requirements for diversity jurisdiction: complete diversity between plaintiffs and defendants and an amount in controversy exceeding $50,000. 28 U.S.C. § 1332(a); *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); *Gafford v. General Elec. Co.,* 997 F.2d 150, 155 (6th Cir.1993); *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir.1983). Plaintiff Fountain has conceded and this Court recognizes the complete diversity of the named parties.[2] This dispute, therefore, centers on whether Fountain's claim places into controversy an amount surpassing the $50,000 requirement.

■ The United States Supreme Court has held that "the status of the case as

---

1. In passing, this Court would make a gratuitous observation, which may be totally ignored by any other court, the parties, and the attorneys. Prior experience with the attorneys for plaintiff shows them to be very competent. However, in a previous appearance before this Court, these attorneys likewise represented plaintiffs in a proposed class action which was similar to this case in that it too was a "lawyers' case." In other words, like in this case, the recovery of the individual class plaintiffs would virtually be de minimus and, hence, any settlement or trial would primarily benefit the plaintiffs' lawyers. In the prior case, plaintiffs' attorneys decided to dismiss their case. At this early stage, this Court cannot say with assuredness that the individual plaintiffs'

recovery is de minimus but it certainly seems to be so at first blush. If this proves to be correct, such practice would constitute an abuse of our system of justice and, at least in this federal court, would result in sanctions against those at fault.

2. Plaintiff Fountain is a citizen of the state of Georgia. Defendant Black is a citizen of the state of Tennessee. Defendant Corbett is a citizen of the state of South Carolina. Defendant C & C is a South Carolina company maintaining its principal place of business in the state of South Carolina.

disclosed by the plaintiff's complaint is controlling in the case of a removal." *St. Paul Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291, 58 S.Ct. 586, 591, 82 L.Ed. 845 (1938). This reflects the longstanding principal that a plaintiff, as master of his case, may control the case's jurisdictional fate by setting an amount in controversy lower than the requisite jurisdictional amount. *See id.* at 288, 58 S.Ct. at 590 ("The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."). While a court evaluating a case removed to the federal system must assume that the plaintiff did not draft the complaint with the goal of fulfilling federal jurisdictional requirements, an amount in controversy averred in good faith generally controls for removal purposes. *Lindsey v. Alabama Tel. Co.*, 576 F.2d 593, 594 (5th Cir.1978).[3]

■ A defendant challenging the amount listed in the complaint, in an effort to invoke federal jurisdiction, must affirmatively show the existence of a sufficient amount in controversy. *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253 (5th Cir.1961) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936)); *Locklear v. State Farm Mut. Auto. Ins. Co.*, 742 F.Supp. 679, 680 (S.D.Ga.1989); *Blank v. Preventative Health Programs, Inc.*, 504 F.Supp. 416, 421 (S.D.Ga.1980). "To do so, defendant must show only that it does not appear to a legal certainty that the claim is for less than the jurisdictional amount." *Locklear*, 742 F.Supp. at 680 (citing *St. Paul*, 303 U.S. at 288, 58 S.Ct. at 590); *see also Blank*, 504 F.Supp. at 421.[4]

■ Plaintiff Susan Fountain, in her state court complaint, contends that the controversy involves one million dollars, an amount that, on its face, appears to exceed the $50,000 jurisdictional requisite. Fountain, however, asserts this amount on behalf of the entire class that she seeks to certify.[5] She further contends, in her Supplemental Brief in Support of Her Motion to Remand, that "[no] single claim even approaches the jurisdictional amount requirement." (Pl.'s Suppl. Br. Supp. Mot. Remand at 5.) This motion thus presents an unusual situation in which defendants challenge the *interpretation* of plaintiff's asserted amount in controversy, rather than the amount itself. The Court believes that the "legal certainty" test applies in this scenario, as well.

The assessment of an alleged jurisdictional amount presents difficulties in the context of class actions. In *Zahn v. International Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973), the United States Supreme Court prohibited federal courts from aggregating the claims of class members to establish an amount in controversy sufficient to confer diversity jurisdiction. *Id.* at 300, 94 S.Ct. at 511; *see also Lindsey*, 576 F.2d at 594. Under the rule articulated in *Zahn*, therefore, the one million dollar amount in controversy set out by the plaintiff in her state court complaint will not confer federal jurisdiction over the action, since it represents an aggregation of the claims of all putative members of the class; federal jurisdiction will exist under *Zahn* only if the named plaintiff, Susan Fountain, and each putative class member individually present an amount in controversy surpassing $50,000.

Defendants contend, however, that *Zahn*'s prohibition against aggregating the claims of class members to establish a sufficient amount in controversy no longer controls.

---

3. The Eleventh Circuit, in *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Id.* at 1207.

4. For convenience, this Court will refer to this standard as the "legal certainty" test. The Sixth Circuit has characterized this test as requiring the defendant to show "some reasonable probability" that the requisite amount in controversy exists. *Gafford*, 997 F.2d at 158.

5. While a class has not yet been certified in this action, this Court may treat the suit as a class action for the purpose of determining federal jurisdiction. *Eagle v. American Tel. & Tel. Co.*, 769 F.2d 541, 545 n. 1 (9th Cir.1985), *cert. denied*, 475 U.S. 1084, 106 S.Ct. 1465, 89 L.Ed.2d 721 (1986); *Ingelwood v. City of Los Angeles*, 451 F.2d 948, 951 (9th Cir.1971); *Craig v. Congress Sportswear, Inc.*, 645 F.Supp. 162, 163–64 n. 1 (D.Me.1986).

They assert that the recently-enacted Supplemental Jurisdiction Statute, 28 U.S.C. § 1367 supersedes and statutorily overrules the *Zahn* holding, and advance the opinions of several legal commentators to support this proposition. (Def. Black's Br. Opp'n Pl.'s Mot. Remand at 2 (citing 3B James W. Moore & John E. Kennedy, Moore's Federal Practice § 23.95 (1992); Herbert B. Newberg & Alba Conte, Newberg on Class Actions § 6.11 (3d ed. 1992); Richard D. Freer, *Compounding Confusion and Hampering Diversity: Life After Finley and the Supplemental Jurisdiction Statute*, 40 Emory L.J. 445 (1991)).) Plaintiff, in response, points to decisions of the few district courts that have addressed this issue, many of which have relied upon *Zahn* in the face of the Supplemental Jurisdiction Statute. (Pl.'s Suppl. Br. Supp. Mot. Remand at 3–4 (citing in support of *Zahn: Hairston v. Home Loan & Inv. Bank*, 814 F.Supp. 180 (D.Mass.1993); *Mayo v. Key Fin. Servs.*, 812 F.Supp. 277 (D.Mass. 1993); *Averdick v. Republic Fin. Servs.*, 803 F.Supp. 37 (E.D.Ky.1992); *Ardrey v. Federal Kemper Ins. Co.*, 798 F.Supp. 1147 (E.D.Pa. 1992); *Warth v. State Farm Fire & Casualty Co.*, 792 F.Supp. 101 (M.D.Fla.1992); *Griffin v. Dana Point Comm'n Ass'n*, 768 F.Supp. 1299 (N.D.Ill.1991)) (citing in opposition to *Zahn: Patterson Enters. v. Bridgestone/Firestone*, 812 F.Supp. 1152 (D.Kan. 1993); *Garza v. National Am. Ins. Co.*, 807 F.Supp. 1256 (M.D.La.1992))). The effect of section 1367 on the *Zahn* holding presents an issue of first impression in this circuit. While this Court leans toward the district court decisions recognizing the continued viability of the *Zahn* bar against aggregation, it declines to decide this question, since it finds that, regardless of *Zahn*'s applicability, the amount in controversy requirement has not been met.

■ Under either the *Zahn* analysis or the Supplemental Jurisdiction Statute, Susan Fountain, the named plaintiff in the instant action, must claim individually an amount in controversy exceeding $50,000. *Zahn* requires such a showing of *all* class action plaintiffs; section 1367, if applicable, requires

such a showing of at least *one* plaintiff, forming the entryway through which supplemental jurisdiction conveys the other plaintiffs. Fountain, currently the only identifiable plaintiff in this action, thus must advance a claim that individually satisfies the diversity jurisdiction requirements, including jurisdictional amount, whether or not the *Zahn* holding is still viable.

■ Defendants have not met their burden of showing that Fountain's individual claim does not appear to a legal certainty to be less than the $50,000 jurisdictional amount. *See Locklear*, 742 F.Supp. at 680 (describing "legal certainty" test). To support their petition for removal, defendants merely point to the one million dollars sought by plaintiff as punitive damages on behalf of the class. A court may consider punitive damages in assessing the sufficiency of the amount in controversy. *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir.1987); *Wood v. Citronelle–Mobile Gathering Sys. Co.*, 409 F.2d 367, 369 (5th Cir.1968); *Blank*, 504 F.Supp. at 421. In a class action, however, it is not the court's role to speculate as to the amount of damages obtainable. *Lindsey*, 576 F.2d at 595; *Locklear*, 742 F.Supp. at 680. In *Lindsey v. Alabama Telephone Co.*, the former Fifth Circuit expressly refused to estimate the amount in controversy assignable to individual plaintiffs in a class action when the complaint alleged an amount solely for the entire class and did not identify the number of persons within the class. *Lindsey*, 576 F.2d at 595. Relying on *St. Paul's* rule that the complaint controls the amount in controversy, the *Lindsey* court held that "it was not open for defendants to attempt to show that the class was small enough that the claims on its behalf exceeded the [jurisdictional amount] per capita. Nor was it open to the district court to speculate that such was in fact the case." *Id.*

Like the complaint in *Lindsey*, Fountain's complaint avers an aggregate amount in controversy covering all class members, but does not indicate the number of members of the class.[6] For this Court to find this allegation

---

6. Fountain *does* estimate the class membership at 2,000 in her Supplemental Brief. (Pl.'s Suppl.

Br. Supp. Mot. Remand at 5.) The alleged one million dollar amount in controversy, divided by

sufficient to support federal diversity jurisdiction, even under defendants' theory that *Zahn* no longer applies, it would have to estimate the recovery Fountain herself might obtain as an individual. This Court may not engage in such speculation. Since Fountain's complaint does not assert an amount in controversy meeting the $50,000 jurisdictional requirement, and defendants have not affirmatively shown that the amount in controversy does not appear insufficient to a legal certainty, this Court must remand the action to state court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Remand be and is **GRANTED,** and that this action be and is remanded to the Superior Court of Chatham County, Georgia.

---

2,000 plaintiffs, yields $500 per class member, an amount not remotely close to the requisite $50,-000.