**Anthony Michael DEEP and William D. Deep, as Trustees under a Trust for Dr. Anthony A. Deep and Careme Satel Deep, on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**The MANUFACTURERS LIFE INSURANCE COMPANY (d/b/a Manulife Financial), The Manufacturers Life Insurance Company of America, and The Manufacturers Life Insurance Company (U.S.A.), Defendants.**

Civ. No. 96–3269 (WGB).

United States District Court,
D. New Jersey.

Oct. 23, 1996.

---

Jeffery A. Lester, Braverman & Lester, Hackensack, NJ, for Plaintiffs, Anthony Michael Deep and William D. Deep, as Trustees under a Trust for Dr. Anthony A. Deep and Careme Satel Deep, on behalf of themselves and all others similarly situated.

Charles A. Reid, III, Shanley & Fisher, P.C., Morristown, NJ, Howard, Rice, Nemerovski, Canady, Falk & Rabkin, San Francisco, CA, for Defendants, The Manufactures Life Insurance Company (d/b/a Manulife Financial), The Manufacturers Life Insurance Company of America, and The Manufacturers Life Insurance Company (U.S.A.).

*OPINION*

BASSLER, District Judge:

Plaintiffs move, pursuant to 28 U.S.C. § 1447(c), to remand this matter to the Superior Court of New Jersey, Law Division: Bergen County. Because the Court concludes that it has jurisdiction over the claims in this case, it **denies** Plaintiffs' motion to remand.

## I. BACKGROUND

Plaintiffs originally filed this action in the Superior Court of New Jersey alleging various state law claims against the Defendants (hereafter "Manulife") in relation to the sale of life insurance to the plaintiff class. More specifically, the Plaintiffs allege that Manulife fraudulently and misleadingly asserted that premiums on certain policies would be required only for a fixed number of years at which point they would be eliminated. (Complaint ¶ 1). These policies became known as "vanishing" premium policies. According to the Complaint, the plaintiff class was, in fact, required to pay substantial amounts of additional premiums beyond the "vanishing date" in order to receive the benefits under the policies for which they had bargained. (Complaint ¶ 3).

On or about March 8, 1990, Dr. Anthony Deep and Careme Satel Deep (the "Deeps") purchased a Manulife policy (the "Policy"), which was placed in trust for their benefit. (Complaint ¶ 6). The $17,730 annual premium on the Policy was to be paid for 10 years, at which point, according to the Complaint, premium payments would no longer be due.[1]

In or about March, 1994, Manulife allegedly notified the Deeps and the plaintiff class that they would be required to make premium payments for a substantial number of additional years. (Complaint ¶ 17).

Plaintiffs' Complaint seeks compensatory and punitive damages, attorneys' fees and costs, and the imposition of a constructive trust upon the premiums paid under the so-called "vanishing premium" policies.

---

1. According to the Complaint, the Manulife's sales presentation failed to disclose that premiums would only vanish if, among other things, interest rates remained high. (Complaint ¶ 15).

Manulife removed the action to this Court on July 3, 1996. On July 8, 1996, Manulife informed the Judicial Panel on Multidistrict Litigation ("MDL Panel") that, under MDL Rule 1, the case was a "potential tag along" action, and that it should therefore be transferred from the District of New Jersey pursuant to MDL Rules 12 and 13. (Pauline Calande Aff.Ex. A).

The Deeps informed the MDL Panel, by letter dated July 12, 1996, that they intended to file a motion to remand the case to the New Jersey Superior Court. (*Id.* Ex. B).

After reviewing· the correspondence, the MDL Panel, on July 26, 1996, issued a conditional transfer order that would transfer the case to the Southern District of California. The Deeps objected to the conditional transfer order and moved to vacate pursuant to MDL Rule 12(d). They argued, as they do on this motion, that federal jurisdiction is lacking over the claims of the plaintiff class for failure to satisfy the amount in controversy requirement of 28 U.S.C. § 1332. The MDL Panel has not yet ruled on the Deeps' motion to vacate.

## II. *DISCUSSION*

### A. *Standards Governing Motion to Remand*

■ Upon a motion to remand, the removing party bears the burden of demonstrating that removal was proper. *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990), *cert. denied*, 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991). The removing party thus bears the burden of proving that jurisdiction is proper in federal court. *Id.* Further, removal statutes are strictly construed in favor of remand. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir.1987), *cert. dismissed*, 484 U.S. 1021, 108 S.Ct. 739, 98 L.Ed.2d 756 (1988).

The Third Circuit has yet to address the removing defendant's burden of proof in this context. Other Circuits have split on the proper burden of proof. Several courts have held that the removing defendant must prove to "a legal certainty" that the plaintiff's claims meet the jurisdictional amount. *E.g.*, *Fountain v. Black*, 876 F.Supp. 1294, 1298–

99 (S.D. Ga.1994); *Chouest v. American Airlines, Inc.*, 839 F.Supp. 412, 414 (E.D. La.1993). Others have required proof of the jurisdictional threshold by a preponderance of the evidence. *E.g., De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir.1993); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 n. 2 (9th Cir. 1992). Finally, some courts require the removing defendant to prove that there is a "reasonable possibility" that the amount in controversy meets the jurisdictional minimum. *E.g., Ball v. Hershey Foods Corp.*, 842 F.Supp. 44, 47 (D.Conn.), *aff'd*, 14 F.3d 591 (2d Cir.1993).

Because the removal statutes are generally construed strictly in favor of remand, the Court will apply the more stringent test and require proof to "a legal certainty" that the Plaintiffs' claims pass the jurisdictional threshold. As set forth below, they do. Therefore, jurisdiction is proper with this Court, and the Deeps' motion to remand is **denied.**

### B. *Jurisdiction Under the Removal Statutes*

Pursuant to 28 U.S.C. § 1441(a), an action brought in state court may be removed only when the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). In this case, the Complaint does not state a federal claim. The only conceivable basis for federal jurisdiction, therefore, is 28 U.S.C. § 1332 (diversity of citizenship), which provides for federal jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds the sum or value of $50,000, exclusive of interest and costs.

The parties do not dispute that diversity of citizenship is complete for jurisdictional purposes. *See In re School Asbestos Litig.*, 921 F.2d 1310, 1317 (3d Cir.1990) (only named plaintiff need be diverse in class action where federal jurisdiction is based on Section 1332), *cert. denied sub nom. U.S. Gypsum Co. v. Barnwell School Dist. No. 45*, 499 U.S. 976, 111 S.Ct. 1623, 113 L.Ed.2d 720 (1991).

Rather, the Deeps contend that certain members of the class do not satisfy the amount in controversy requirement.

■ As an initial matter, there appears to be little doubt that the named plaintiffs in the action, the Deeps, satisfy the $50,000 threshold. In fact, the Deeps have already paid over $100,000 in premiums, over which they seek to impose a constructive trust. John Barr Aff. ¶ 3. Together with compensatory damages, punitive damages and attorneys' fees, the value of the Deeps' claim easily exceeds the jurisdictional amount. *See Angus v. Shiley, Inc.,* 989 F.2d 142, 146 (3d Cir.1993) (federal court makes independent inquiry into the value of the claims alleged by measuring "a reasonable reading of the value of the rights being litigated").

The Deeps argue that this Court lacks jurisdiction over the class because some of the putative class members' claims do not, they contend, meet the jurisdictional threshold. Citing to *Zahn v. International Paper Co.,* 414 U.S. 291, 300, 94 S.Ct. 505, 511, 38 L.Ed.2d 511 (1973) (each class plaintiff's claim must meet jurisdictional amount in controversy requirement under Fed.R.Civ.P. 23), the Deeps argue that this Court should remand the case.

Manulife's response is two-fold. First, it contends that 28 U.S.C. § 1367, enacted in 1990, overrules *Zahn* and allows the Court to exercise supplemental jurisdiction over the class plaintiffs' claims that do not independently reach the jurisdictional amount. Second, they cite to *In re School Asbestos Litigation,* 921 F.2d 1310 (3d Cir.1990), *cert. denied,* 499 U.S. 976, 111 S.Ct. 1623, 113

L.Ed.2d 720 (1991), in which the Third Circuit held that, if certain putative class members fail to meet the jurisdictional amount, the case can still proceed in federal court after dismissing the class members who do not satisfy the strictures of Section 1332. *In re School Asbestos* differs from this case, however, in that it involved a class action originally brought in federal court, as opposed to the situation here, where the defendant removed the case to federal court.

Because the Court concludes that Section 1367 legislatively overrules *Zahn,* it need not reach whether the rule in *In re School Asbestos* is fair to apply in the context of a removed class action suit.

C. *The Effect of the 1990 Supplemental Jurisdiction Statute on the Rule of Zahn v. International Paper Co.*

Whether Section 1367 overruled the rule in *Zahn v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973), has been the subject of much debate in the academic community and among the courts.[2] The Third Circuit has yet to rule on the issue.[3] Most of the district courts, including one within this Circuit, have held that *Zahn* remains good law after the enactment of Section 1367.[4] The two Circuits that have addressed the issue, however, have both held that Section 1367 overrules *Zahn. In re Abbott Laboratories,* 51 F.3d 524 (5th Cir. 1995); *Stromberg Metal Works v. Press Mechanical, Inc.,* 77 F.3d 928 (7th Cir.1996).[5]

---

**2.** *Compare* 1 James W. Moore et al., *Moore's Federal Practice* ¶ 0.97[5] at 927 (1993) (legislative history makes clear that Section 1367 was not intended to overrule *Zahn) with* Herbert H. Newberg, *Class Actions* § 6.11 at 6–45 through 6–49 (legislative history may not be resorted to when text of statute is unambiguous; Section 1367 unambiguously provides for supplemental jurisdiction in the *Zahn* scenario). *See also Packard,* 994 F.2d at 1045 n. 9 (citing various academic journals debating this issue).

**3.** *Packard v. Provident National Bank,* 994 F.2d 1039 (3d Cir.1993), raised the issue but explicitly declined to resolve it. *See id.* at n. 9 ("Because *no* plaintiff alleges more than $50,000 in compensatory damages and punitive damages may not be recovered against a trustee under Pennsylvania law, we need not and do not resolve the issue.").

**4.** *See, e.g., Garcia v. General Motors Corp.,* 910 F.Supp. 160, 164 (D.N.J.1995) (citing *Packard* in concluding that *Zahn* rule retains vitality after enactment of supplemental jurisdiction statute); *Henkel v. ITT Bowest Corp.,* 872 F.Supp. 872, 877 (D.Kan.1994) (Section 1367 does not overrule *Zahn); see also Abbott,* 51 F.3d at 528 n. 8 (collecting cases).

**5.** The Deeps ask the Court to disregard the holding of *Stromberg* because it, unlike the present case, did not address supplemental jurisdiction in the context of a class action. In *Stromberg,* there were only two plaintiffs, both of whom pressed transactionally-related claims. One plaintiff's claims exceeded $50,000, while the other plaintiff's claims did not. Prior to the enactment of Section 1367, the rule in this situation paralleled the rule in *Zahn. See Clark v. Paul Gray, Inc.,* 306 U.S. 583, 59 S.Ct. 744, 83

For essentially the same reasons set forth in *Abbott* and *Stromberg*, the Court holds that Section 1367 overruled *Zahn*.

In *Zahn v. International Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973), the Supreme Court held that in class actions based on the court's diversity jurisdiction, each plaintiff in the class independently must satisfy the amount-in-controversy requirement or face the prospect of dismissal for want of jurisdiction, at least as to those claims that did not satisfy the amount-in-controversy requirement. In other words, *Zahn* forbade the exercise of supplemental jurisdiction over class members' state law claims that did not reach the jurisdictional amount in controversy.

In 1990, Congress enacted 28 U.S.C. § 1367, which provides, in pertinent part:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of other parties.

(b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20 or 24 of the Federal Rules of Civil Procedure, or as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

The structure of Section 1367 is straightforward: Section 1367(a) gives the courts supplemental jurisdiction over transactionally-related claims and Section 1367(b) makes certain exceptions to the exercise of supplemental jurisdiction when the district court's original jurisdiction is based solely on diversity of citizenship. Significantly, class actions are not among the exceptions listed in Section 1367(b). *See Abbott*, 51 F.3d at 524.

Prior to the enactment of Section 1367, supplemental jurisdiction had been a matter of federal common law. *See* Richard D. Freer, *Compounding Confusion and Hampering Diversity: Life After Finley and the Supplemental Jurisdiction Statute*, 40 Emory L.J. 445 (1991).

The impetus to codify the common law set of supplemental jurisdiction rules was generated by the Supreme Court's decision in *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989). In *Finley*, the Supreme Court held that, when a claim arises under federal law, a federal court may not exercise jurisdiction over pendent parties absent a legislative grant of authority to do so. Prior to *Finley*, however, an explicit legislative grant was not thought necessary to exercise supplemental jurisdiction. *See In re Abbott Laboratories*, 51 F.3d 524, 528 (5th Cir.1995). *Finley*, therefore, had potentially far-reaching ramifications. *See* Richard D. Freer, *Compounding Confusion and Hampering Diversity: Life After Finley and the Supplemental Jurisdiction Statute*, 40 Emory L.J. 445, 466 (1991) (*Finley*, read broadly, called into question the exercise of pendent jurisdiction in cases brought under the federal question and diversity of citizenship provisions).

Congress enacted Section 1367 to "restore the pre-*Finley* understandings of the authorization for and limits on other forms of supplemental jurisdiction"—that is, in essence, to overrule *Finley*. 1990 U.S.C.C.A.N. at 6860, 6874 (quoted in *Abbott*,

L.Ed. 1001 (1939) (court lacks supplemental jurisdiction to hear claim when one plaintiff's claims meet jurisdictional threshold, but other plaintiff's claims do not). The Seventh Circuit, in *Stromberg*, held that Section 1367 overruled *Clark*. Significantly, the Seventh Circuit adopted

the Fifth Circuit's reasoning in *Abbott*, and specifically noted its reluctance to create a conflict among the Circuits on a jurisdictional issue. *Stromberg*, 77 F.3d at 930. Therefore, *Stromberg*, while not addressing the precise issue before this Court, is nevertheless persuasive authority.

 

51 F.3d at 528). There is no doubt that Section 1367(a), particularly its last sentence, does just that. The open question is whether the statute went further and overruled *Zahn.*

The text of the statute is unambiguous. Subject to the exceptions noted in Section 1367(b), the district courts have supplemental jurisdiction "over *all* other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a) (emphasis added). Section 1367(b) is silent as to class actions. A plain reading of the statute, therefore, compels the conclusion that *Zahn* is no longer good law.

■ As the Deeps are quick to point out, the legislative history makes clear that Congress did not intend to overrule *Zahn* by enacting Section 1367. *See* 1990 U.S.C.C.A.N. at 6860, 6875 ("[T]he section is not intended to affect the jurisdictional requirements of 28 U.S.C. § 1332 in diversity-only class actions, as those requirements were interpreted prior to *Finley*").

The legislative history, however, is at odds with the plain language of the statute. When, as here, the statutory language is unambiguous and does not demand an absurd result, it is the sole repository of Congressional intent. *West Virginia Univ. Hosps. Inc. v. Casey,* 499 U.S. 83, 99–100, 111 S.Ct. 1138, 1147–48, 113 L.Ed.2d 68 (1991); *United States v. X-Citement Video, Inc.,* — U.S. —, — – —, 115 S.Ct. 464, 467–68, 130 L.Ed.2d 372 (1994) (plain language reading inappropriate when it creates a "positively absurd" result); *Abbott,* 51 F.3d at 528–29.

Overruling *Zahn* can hardly be deemed "positively absurd"—among other things, doing so would enable federal courts to resolve complex interstate disputes involving toxic torts. *See Abbott,* 51 F.3d at 529. The clear language of the statute, even if omitting the class action from Section 1367(b)'s list of exceptions was inadvertent, must therefore govern. *See Stromberg,* 77 F.3d at 931 ("When text and legislative history disagree, the text controls."). Accordingly, the Court holds that under Section 1367, a district court can exercise supplemental jurisdiction over members of a class, although they do not meet the amount-in-controversy require-

ment, as long as the class representative does.

As set forth above, the claims of the named Plaintiff in this case, the Deeps, satisfy the jurisdictional threshold. The Court, accordingly, **denies** the Deeps' motion to remand.

### III. *CONCLUSION*

For the foregoing reasons, the Deeps' motion to remand is **denied.**