**Brenda Joy GARZA, et al.**

v.

**NATIONAL AMERICAN INSURANCE COMPANY, et al.**

Civ. A. No. 92–76–A.

United States District Court, M.D. Louisiana.

Dec. 11, 1992.

Randall Gordon Wells, Baton Rouge, LA, Daniel Konrad Willis, St. Francisville, LA, for plaintiffs.

Richard J. Weigand, Jr., Phillip A. Costa, Weigand & Associates, New Orleans, LA, for defendants.

## RULING ON MOTIONS

JOHN V. PARKER, Chief Judge.

By ruling dated September 10, 1992, the parties to this action were directed to ad-

dress the issue of whether this court's diversity jurisdiction over Jack Garza's claim (which presumably exceeds $50,000) would allow the exercise of supplemental jurisdiction over the claims of his family members (which do not appear to independently meet the jurisdictional amount) under the recently enacted supplemental jurisdiction statute, 28 U.S.C. § 1367, which became effective on December 1, 1990.[1] Because subject matter jurisdiction is a threshold issue, the court deferred ruling on previously submitted motions for summary judgment by defendants until the jurisdictional issue was resolved. The court now finds that jurisdiction over all of the claims in this action exists, and therefore, the motions for summary judgment will also be addressed.

Supplemental Jurisdiction

■ 28 U.S.C. § 1367(a) provides, in part, that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Further, § 1367(a) specifically provides that "supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."

However, subsection (b) of § 1367 contains important exceptions to the general rule set forth in subsection (a):

... [T]he district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by person proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental

jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

As interpreted by the court, if a claim being asserted is not specifically excluded by the exceptions in § 1367(b), then the determination of whether supplemental jurisdiction exists depends upon whether the claim is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[2] If the "same case or controversy" test is met, a district court must exercise supplemental jurisdiction over the additional claim under the general rule set forth in § 1367(a).[3]

In this case, the claims being asserted by the family members of Jack Garza do not constitute "claims by persons proposed to be joined as plaintiffs under Rule 19, ... or seeking to intervene as plaintiffs under Rule 24 ..." Thus, the focus is on whether their claims are so related to the claim of Jack Garza (the claim over which the court has original jurisdiction) as to form part of the same case or controversy within the meaning of Article III.

Under the seminal case of *Mine Workers v. Gibbs*[4], the United States Supreme Court explained that, in the context of federal question jurisdiction, federal claims and state law claims form a single constitutional case if they "derive from a common nucleus of operative fact"; and in *Owen Equipment & Erection Co. v. Kroger*[5], the Court accepted the assumption that the "'common nucleus of operative fact' test also determines the outer boundaries of constitutionally permissible federal jurisdiction when that jurisdiction is based upon diversity of citizenship."

It is clear that the claims of all of the plaintiffs arise from a "common nucleus of

---

1. Defendants filed a brief addressing the jurisdictional issue. Plaintiffs did not.

2. See Steinman, *Section 1367—Another Party Heard From*, 41 Emory L.J. 85, 94–97 (1992).

3. The court notes that subsection (c) of § 1367 allows a district court to decline the exercise of supplemental jurisdiction under certain circum-

stances. Because the circumstances set forth in subsection (c) are inapplicable to this action, they need not be discussed.

4. 383 U.S. 715, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

5. 437 U.S. 365, 98 S.Ct. 2396, 2401 at note 10, 57 L.Ed.2d 274 (1978).

operative fact"—that is, the automobile accident which occurred on January 4, 1991. Plaintiffs, Jack Garza, Brenda Joy Garza, and Edyce Julienne Garza, were all in the vehicle at the time of the accident; further, the claim of Jaclyn L. Garza is based on "post-traumatic stress" which allegedly arose from the facts of the accident involving her family members.

In finding that § 1367 provides for the exercise of supplemental jurisdiction over the claims of parties which do not independently meet the amount in controversy requirement, the court notes that this amounts to legislative overruling of pre-§ 1367 cases holding that the exercise of jurisdiction over a state law claim in which complete diversity and the requisite amount in controversy existed does not give the court the authority to exercise "pendent" jurisdiction over a claim by a second plaintiff who, although diverse, could not meet the jurisdictional amount. These pre-§ 1367 cases include *Zahn v. International Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). However, this court finds that the Congress said what it meant and that the Congress meant what it said—the language of § 1367 unavoidably overrules these pre-§ 1367 cases in those instances where the requirements of § 1367(a) are fulfilled and the exceptions of § 1367(b) are inapplicable.[6] Therefore, the court finds that supplemental jurisdiction exists over the claims of the Garza family members because they are so related to the claim of Jack Garza as to form a single "case" under Article III of the United States Constitution.

Accordingly, the motion to remand is hereby DENIED.

## Motions for Summary Judgment

The next matters to be addressed are identical motions for summary judgment filed by defendants, National American Insurance Company and M & M Transportation, Inc. Additionally, these defendants have jointly filed a "Motion to Dismiss Amended Complaint For Failure to State a Cause of Action and to Re–Urge Motion for Summary Judgment". All three motions are opposed. Because reference has been made to evidence outside of the pleadings, the court will base its decision on rules applicable to summary judgment.[7]

Defendants' motions are directed to the claims being asserted by Jack and Brenda Garza on behalf of their minor child, Jaclyn. The court first notes that the parties are under the mistaken impression that an amended complaint has been filed with regard to the claims of Jaclyn Garza. Despite the fact that this court reversed the magistrate judge and granted plaintiffs' motion to amend their complaint by ruling dated August 18, 1992, the amended complaint is not contained in the record. However, plaintiff agrees that the amended allegation as stated in the proposed amended complaint is accurately set forth in "Defendants' Memorandum in Support of Motion to Dismiss Amended Complaint For Failure to State a Cause of Action and to Re–Urge Motion for Summary Judgment" at page 2.[8] Because the court finds that summary judgment is proper as to the allegation in the original complaint as well as the allegation presumably found in the amended com-

---

**6.** There is debate as to whether § 1367 has the effect of overruling the *Zahn* requirement that each plaintiff independently satisfy the amount in controversy requirement. Although the court found no appellate court cases dealing with the issue, there are district courts which have concluded that § 1367 does not have the effect of overruling *Zahn*. For example, see *Griffin v. Dana Point Condominium Ass'n.*, 768 F.Supp. 1299 (N.D.Ill.1991) and *Averdick v. Republic Financial Services, Inc.*, 803 F.Supp. 37 (E.D.Ky. 1992). On the other hand, Herbert B. Newberg, author of *Newberg on Class Actions* (2d ed. Supp.1992), is of the opinion that § 1367 has repealed the requirements of *Zahn*, as is Professor Richard D. Freer (see Freer, *[Compounding*

*Confusion and Hampering Diversity: Life After Finley and the Supplemental Jurisdiction Statute]*, 40 Emory L.J. 445 (1991)). In light of the literal language of § 1367, and in spite of legislative history which may indicate otherwise, the court is compelled to agree with Newberg and Freer and to disagree with the *Griffin* and *Averdick* cases.

**7.** Federal Rules of Civil Procedure 12(b)(6) and 56.

**8.** Plaintiffs' Opposition to Defendants' Motion to Dismiss Amended Complaint for Failure to State a Cause of Action and to Re–Urge Motion for Summary Judgment, p. 3.

plaint, there is no need to defer decision pending the filing of the amended complaint.

As originally stated in plaintiffs' state court petition at Paragraph XV, the allegation made on behalf of Jaclyn L. Garza stated:

> As a result of the occurrance (sic) now sued upon, petitioner JACLYN L GARZA, who was eight years old at the time of the accident, and who had a close and loving relationship with her parents, sustained the following injury, to wit: severe mental distress, particularily denominated post traumatic stress syndrome, that was caused by the accident, despite her not being in the vehicle at the time of the accident.

Had the amended complaint been filed, the amended allegation made on behalf of Jaclyn Garza would presumably have stated:

> The minor child Jaclyn L. Garza suffered severe mental and/or emotional distress, despite not being in the vehicle at the time of the accident, because she rode in plaintiffs' said vehicle after said accident until some weeks or months later when the gas tank on said Garza vehicle was finally and fully repaired. During this time Jaclyn L. Garza was constantly reminded of the accident due to the unrepaired damage to the vehicle's doors which rattled as she rode in the vehicle, as well as, the fumes which she smelled coming from the gas tank which had been ruptured during the accident, but which said tank was not repaired for weeks or months after the accident due to one or more defendant's refusal to effectuate proper repairs to the gas tank. Jaclyn Garza became aware during this time period that she and her family were essentially riding on a "bomb."[9]

Defendants characterize both of these allegations as "attempting to state a cause of action under what is known as the 'bystander recovery rule.'" Defendant concedes that under the Louisiana Supreme Court case, *Lejeune v. Rayne Branch Hosp.*, 556 So.2d 559 (La.1990), a "plaintiff had a right to recover for mental pain and anguish because of the negligent infliction of injury on a third person under certain circumstances."[10] However, defendants argue that because Jaclyn neither viewed the accident nor came upon the accident scene soon after the accident, she does not meet all of the *Lejeune* conditions required for recovery under the bystander recovery rule.

Defendants further argue that under the Louisiana duty-risk analysis used to determine the existence of negligence under La. C.C. art. 2315, the defendants' conduct was not the cause of Jaclyn's harm nor did they owe a duty to Jaclyn to protect her from having to ride in an unrepaired vehicle.

On the other hand, plaintiffs contend that defendants have erred in characterizing Jaclyn's claim as a *"Lejeune* bystander" claim. According to plaintiffs, "... Jaclyn Garza has a claim for mental distress damages because defendants have breached a duty of care owed to her directly ... The direct duty owed from defendants is that of effectuating proper repairs of a damaged vehicle when the insurer's insured has through his negligence/fault caused vehicular damages to a victim."[11] In support of their opposition, plaintiffs have submitted the affidavit of Dr. Alan Appelbaum, a psychologist, in which he opines that Jaclyn suffers from post-traumatic stress disorder as a result of the January 4, 1991 accident in which her family members were involved. Further, plain-

---

**9.** This is the text of the allegation as set forth in Defendants' Memorandum in Support of Motion to Dismiss Amended Complaint for Failure to State a Cause of Action and to Re–Urge Motion for Summary Judgment, p. 2.

**10.** Defendants' Memorandum in Support of Motion to Dismiss Amended Complaint for Failure to State a Cause of Action and to Re–Urge Motion for Summary Judgment, p. 3. Although defendants also discuss La.C.C. art. 2315.6

which was adopted by Act 782 of the 1991 Regular Session of the Louisiana legislature, the court need not address whether La.C.C. art. 2315.6 applies as the same result is reached under *Lejeune.*

**11.** Plaintiffs' Opposition to Defendants' Motion to Dismiss Amended Complaint for Failure to State a Cause of Action and to Re–Urge Motion for Summary Judgment, pp. 4 and 7.

tiffs argue that Jaclyn's claims are based on a loss of consortium due to the reaction of the whole Garza family following the accident. It is plaintiffs' position that the "direct duty" claim as well as the loss of consortium claim arise from La.C.C. art. 2315.

■ The court finds that the allegations at issue indisputably do not assert a claim under the *Lejeune* bystander rule because Jaclyn did not "view the accident ... or come upon the accident scene soon thereafter and before substantial change [had] occurred in" the condition of her family members.[12] According to the *Lejeune* court, these two conditions are prerequisite to recovery under the bystander recovery rule.[13]

■ Secondly, the court finds that summary judgment is appropriate with regard to Jaclyn's mental distress claim against the defendants based on their failure to properly repair the vehicle involved in the January 4, 1991 accident. Defendants contend that they had no duty to protect Jaclyn from alleged mental distress associated with having to ride in an improperly repaired car. Plaintiffs base their "direct duty" claim on *Gugliuzza v. KCMC, Inc.*, 593 So.2d 845 (La.App. 2 Cir.1992) in which the Louisiana Second Circuit Court of Appeal allowed a widow and her son to recover mental anguish damages for a television station's alleged defamation of her deceased husband's memory. However, the basis of the direct duty found by the appellate court was a statute which criminalized malicious publication of "anything which tends ... [t]o expose the memory of one deceased to hatred, contempt, or ridicule ..."[14] Plaintiffs have failed to show the existence of any statute which prohibits faulty repair of vehicles; neither have they shown how this case in any other way supports their "direct duty" argument. In any event, the Louisiana Supreme Court has since reversed the decision of the intermediate court in Gugliuzza and rejected the "direct duty" argument made by the plaintiffs in that case.[15]

In like manner, this court rejects plaintiffs' claim that defendants owe Jaclyn Garza a direct duty to "effectuate proper repairs of [the] damaged vehicle" thus avoiding her mental anguish. Thus, the court finds that insofar as plaintiffs allege that Jaclyn's damages are a direct result of the accident, summary judgment is appropriate in favor of defendants.

Third, the court finds that insofar as Jaclyn may have a claim for loss of consortium with her family members, defendants have not moved for summary judgment as to a loss of consortium claim—defendants only seek to prevent a "bystander recovery" claim on behalf of Jaclyn Garza. Although plaintiffs argue in brief that the allegations at issue embody loss of consortium claims on Jaclyn's behalf, nowhere in the complaint are the elements of a loss of consortium claim alleged—that is, there are no allegations of loss of society, service, and support. Therefore, the court finds that although summary judgment is appropriate with regard to the claims currently asserted on behalf of Jaclyn Garza, plaintiffs should be allowed to amend their complaint to assert a loss of consortium claim alleging the correct legal components.

Accordingly, the motions by National American Insurance Company and M & M Transportation, Inc. for summary judgment as to the claims of Jaclyn Garza are GRANTED.

Further, plaintiffs are hereby granted ten days within which to amend their petition to assert a loss of consortium claim on behalf of Jaclyn Garza.

---

**12.** *Lejeune v. Rayne Branch Hosp.*, 556 So.2d 559, 570 (La.1990).

**13.** Id. at 571.

**14.** La.R.S. 14:47.

**15.** See *Gugliuzza v. KCMC, Inc.*, 593 So.2d 845 (La.1992).