**David MAYO, Thelma Mayo and Leonora Mayo, and Calvin Smith and Sarah Smith, Plaintiffs,**

v.

**KEY FINANCIAL SERVICES INC. and Advanced Financial Services, Inc., Defendants.**

**Civ. A. No. 92–12797–H.**

United States District Court, D. Massachusetts.

Feb. 18, 1993.

Edward K. O'Brien, Needham, MA, Daniel A. Edelman, Lawrence Walner, Chicago, IL, for plaintiffs.

W. Paul Needham, Needham & Warren, Boston, MA, for Key Financial Services, Inc.

Jeffrey R. Martin, Robert S. Halpern, Burns & Levinson, Boston, MA, for Advanced Financial Services, Inc.

## ORDER

HARRINGTON, District Judge.

Plaintiffs initially filed this proposed class action in Suffolk Superior Court, alleging violations of the Massachusetts Truth in Lending Act, Mass.Gen.L. ch. 140D, § 1 *et seq.* The defendants then removed the case to this Court on the basis of diversity. Citing *Zahn v. International Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973), the plaintiffs now seek to have the case remanded to state court on the ground that some class members do not satisfy the jurisdictional requirement of

$50,000 in controversy.[1] *See* 28 U.S.C. § 1332 (1988). In *Zahn*, the United States Supreme Court held that where class action plaintiffs assert individualized claims in the same diversity suit, each class member must satisfy the jurisdictional amount requirement. 414 U.S. at 302, 94 S.Ct. at 512.

■ In their opposition, the defendants argue that because one of the named plaintiffs meets the requirements for diversity, this Court has supplemental jurisdiction over the other plaintiffs in the case under the newly enacted 28 U.S.C. § 1367.[2] (Supp. II 1990). This statute, the defendants contend, overrules *Zahn*. The legislative history of 28 U.S.C. § 1367 clearly indicates, however, that the statute was not intended to affect the jurisdictional requirements for diversity class actions set forth in *Zahn*. *See* H.R.Rep. No. 734, 101st Cong., 2d Sess. 29, *reprinted in* 1990 U.S.C.C.A.N. 6860, 6875; *see also Averdick v. Republic Fin. Servs., Inc.*, 803 F.Supp. 37, 45–46 (E.D.Ky.1992) (examining legislative history of Section 1367); *Griffin v. Dana Point Condominium Ass'n*, 768 F.Supp. 1299, 1302 & n. 4 (N.D.Ill.1991) (same). *But see Garza v. National Am. Ins. Co.*, 807 F.Supp. 1256 (M.D.La.1992) (finding, in non-class action case, that Sec-

tion 1367 repealed *Zahn*). Accordingly, because defendants have not shown that each class member can satisfy the jurisdictional amount requirement, this Court remands this action to state court for lack of jurisdiction.[3]

SO ORDERED.

---

1. Even though no decision on class certification has yet been made, the Court will assume that class action is proper for the purposes of determining whether diversity jurisdiction exists. *See Eagle v. American Tel. and Tel. Co.*, 769 F.2d 541, 545 n. 1 (9th Cir.1985), *cert. denied*, 475 U.S. 1084, 106 S.Ct. 1465, 89 L.Ed.2d 721 (1986); *Lailhengue v. Mobil Oil Corp.*, 775 F.Supp. 908, 911 (E.D.La.1991).

2. Subsections (a) and (b) of Section 1367 read:
   (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
   (b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district

courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332. 28 U.S.C. § 1367(a)–(b) (Supp. II 1990).

3. The defendants also argue that the plaintiffs have an undivided interest in an award of attorneys' fees, and that the claims of the plaintiffs for attorneys' fees should therefore be aggregated to meet the jurisdictional requirement. The Court rejects this attempt to circumvent the dictates of *Zahn*. *See Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir.), *cert. denied*, 459 U.S. 945, 103 S.Ct. 259, 74 L.Ed.2d 202 (1982); *National Org. for Women v. Mutual of Omaha Ins.*, 612 F.Supp. 100, 108 (D.D.C.1985).