Lewis v. Richardson                    CV-94-509-JD   11/08/95
                UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


Karen Lewis, et al.

        v.                              Civil No. 94-509-JD

Myra C. Richardson


                            O R D E R


        The plaintiffs, Karen Lewis, and her three minor children,

Michelle Lewis, Michael Lewis, and Ralph Lewis, III, bring this

negligence action against the defendant, Myra C. Richardson, for

injuries related to an automobile accident.  Karen's husband,

Ralph Lewis, Jr., brings a claim for loss of consortium.  Before

the court is the defendant's motion to dismiss for lack of

subject matter jurisdiction (document no. 9).


                          Background

        The plaintiffs are residents of New Hampshire.  Complaint at

¶ 1.  The defendant is a resident of the Commonwealth of

Virginia.  Id. at ¶ 2.  On July 2, 1992, a vehicle driven by

Karen Lewis and containing her three minor children, collided

with a vehicle driven by the defendant in Hopkinton, New

Hampshire.  Id. at ¶¶ 5, 6 & 14.  The defendant "was charged

with, and pled guilty to, failure to stop at a stop sign and

traffic light in violation of state statutes (N.H. Rev. Stat. Ann. § 265:9 and 31)." Id. at ¶ 15.

## Discussion

In its motion, the defendant asserts that the court lacks subject matter jurisdiction to entertain the claims of Ralph, Jr. and the minor children (the "pendent plaintiffs"). The defendant concedes that the court may exercise jurisdiction over Karen Lewis' claim. However, the defendant argues that each of the pendent plaintiffs have failed to assert claims establishing an amount in controversy in excess of $50,000, exclusive of interest and costs, in accordance with 28 U.S.C. § 1332(a). Defendant's Motion to Dismiss at ¶¶ 2, 5-11.[1]

The plaintiffs respond that the court has original diversity jurisdiction over the claims asserted by each pendent plaintiff. Plaintiffs' Objection to Motion to Dismiss at ¶ 7. The plaintiffs argue in the alternative that the court should exercise supplemental jurisdiction over the pendent parties'

---

[1]The parties do not dispute that they are citizens of different states in accordance with 28 U.S.C § 1332(a)(1).

claims under 28 U.S.C. § 1367, because the claims derive from a "common nucleus of operative facts."  Id. at ¶¶ 5, 6.[2]

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) challenges the statutory or constitutional power of the court to adjudicate a particular case.  2A James William Moore et al., Moore's Federal Practice ¶ 12.07 (2d ed. 1995).  The court assumes the truthfulness of the facts concerning jurisdiction as alleged by the pleading, and the case may be dismissed only if the plaintiff fails to allege an element necessary for jurisdiction to exist.  Id.; see Garita Hotel Ltd. Partnership v. Ponce Federal Bank, F.S.B., 958 F.2d 15, 17 (1st Cir. 1992) ("court takes factual allegations in complaint as true, indulges every reasonable inference helpful to the plaintiff's cause"); Palumbo v. Roberti, 834 F. Supp. 46, 51 (D. Mass. 1993) ("court is required to view the facts in plaintiff's favor although the burden of persuasion as to jurisdiction rests with [the] plaintiff").

The court may not exercise its jurisdiction in a manner inconsistent with Article III, § 2 of the United States

---

[2]The plaintiffs have not pled § 1367 as a basis for jurisdiction.  See Complaint at ¶ 3.  However, under Rule 8(a)(1), the plaintiffs need only plead operative facts sufficient to bring their case within the jurisdiction of the court.  See 2A James William Moore et al., Moore's Federal Practice, ¶ 8.07(1) (2d ed. 1995).

Constitution, which defines the outer boundaries of federal court jurisdiction. However, the "scope of supplemental jurisdiction is limited not only by Article III, but also by the applicable statutory grant of jurisdiction to the federal courts." Acton Co., Inc. of Mass. v. Bachman Foods, Inc., 668 F.2d 76, 79 (1st Cir. 1982).

Congress has extended the court's supplemental jurisdiction to the full extent of the constitution. The relevant statute provides that

> [e]xcept as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C.A. § 1367(a) (West 1993).[3]

Section 1367(a) unambiguously authorizes federal court jurisdiction over supplemental claims "so related" to claims over which the court has original jurisdiction, even where the supplemental claims do not independently meet the amount in controversy requirement set forth in § 1332. Garza v. Nat'l Am.

---

[3]The parties have not alleged, nor does the court find, that any of the exceptions enumerated in subsections (b) and (c) apply to the instant case. See 28 U.S.C. § 1367(b) & (c).

Ins. Co., 807 F. Supp. 1256, 1258 (M.D.La 1992); see also Acton Co., Inc. of Mass., 668 F.2d at 79 (supplemental jurisdiction, in part, "is designed to enable a federal court having subject matter jurisdiction over a dispute to resolve closely related claims lacking an independent jurisdictional basis"). Therefore, § 1367(a) may be applicable whenever the pendent plaintiffs' claims "form part of the same case or controversy under Article III."

Under Article III, the court may exercise supplemental jurisdiction to adjudicate those state law claims based on the same "common nucleus of operative fact" as that of a substantial claim arising under federal law. United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966); see also Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 371 (1978) (Supreme Court accepted assumption that the "common nucleus of operative fact" test also governs application of jurisdiction based on diversity of citizenship). Thus, once the court has original jurisdiction over a claim, § 1367(a) grants supplemental jurisdiction over other claims that "derive from a common nucleus of operative fact."

This case falls squarely within the court's supplemental jurisdiction under § 1367(a). Plaintiff Karen Lewis' claim, over which the court has original jurisdiction, alleges that the

5

defendant negligently caused the automobile collision from which the plaintiff sustained injury. The minor children, who were passengers in the vehicle with Karen Lewis, also allege that their injuries resulted from the defendant's negligence. Likewise, the husband's loss of consortium claim alleges impairment to his marital relationship with Karen Lewis as a result of the injuries that she sustained because of the defendant's negligence. The court finds that each of the pendent plaintiffs' claims arises from the "common nucleus of operative fact" of Karen Lewis' claim such as to invoke the court's supplemental jurisdiction under § 1367(a).[4]

Conclusion

The defendants motion to dismiss the claims of Michelle Lewis, Ralph Lewis, III, Michael Lewis, and Ralph Lewis, Jr. for lack of subject matter jurisdiction (document no. 9) is denied.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
Chief Judge

November 8, 1995
cc: Charles P. Bauer, Esquire
    Richard E. Mills, Esquire

_____

[4]Given the court's exercise of supplemental jurisdiction under § 1367(a), it need not determine whether each of the pendent plaintiffs also presented claims in excess of $50,000, thereby giving the court original jurisdiction.